IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RICHARD MANSON,                         )
                                        )
          Plaintiff,                    )
                                        )
    v.                                  )    1:07CV867
                                        )
NORTH CAROLINA                          )
AGRICULTURAL AND TECHNICAL              )
STATE UNIVERSITY,                       )
                                        )
          Defendant.                    )

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed by Defendant North Carolina Agricultural and Technical State University ("NC A&T"). (Docket No. 7.) Plaintiff Richard Manson has opposed the motion and Defendant NC A&T has replied. The motion is ready for a ruling.

**Factual and Procedural Background**

Plaintiff Manson, an employee of Defendant NC A&T, filed this action in Guilford County Superior Court on October 25, 2007. The action was removed to this Court by Defendant on November 14, 2007.

In his Complaint, Plaintiff seeks injunctive relief, liquidated damages, compensatory damages and attorney's fees based on three "causes of action" titled "ADA," "INJUNCTIVE RELIEF," and "RETALIATION." (Docket No. 1, Notice of Removal, Ex. A. ("Compl.").)

Within his "ADA"(Americans with Disabilities Act of 1990) count, he also alleges wrongful discharge under North Carolina state law. *Id.* In his prayer for relief, Plaintiff asks that damages be trebled pursuant to North Carolina General Statute § 95-243. Plaintiff alleges that he has been employed by Defendant as a boiler operator for several years, but "has been treated less favorably in the position than an employee outside of the protected class and with less experience." (Compl. ¶¶ 3, 4.) Plaintiff alleges that in spite of the "excellent quality of his work," he was "reprimanded for allegedly having anger issues, given inaccurate information, denied proper training, subjected to excessive scrutiny of his performance, and continually harassed due to his chronic medical condition." (*Id.* ¶ 5.) Plaintiff further alleges that when he "notified management of Defendant regarding his concerns about disability discrimination and retaliation," Defendant "failed to respond to Plaintiff's concerns." (*Id.* ¶¶ 6-7.)

Under the section of his Complaint titled "FIRST CAUSE OF ACTION: ADA," Plaintiff alleges that he was diagnosed with a "chronic disorder" that required "periodic treatment and minor accommodation of his work duties" and which "substantially limit[ed] one or more of the major life activities, he ha[d] a record of such an impairment, and/or he [was] regarded as having such an impairment." (*Id.* ¶¶ 11, 12.) He alleges that although he "did not request any significant modification of his job functions," he "was perceived to require excessive accommodation and was perceived to be a liability," and that "[s]hortly after he expressed concerns about the Defendant's "failure to properly accommodate his

condition and the perception by his management team that he was disabled, [he] began to experience a reduction in communications from his manager, derogatory comments, reduced support from his manager, excessive scrutiny of his performance, and disciplinary action." (*Id.* ¶¶ 11, 14.) He alleges that he was "disciplin[ed], demot[ed]" and that his position was filled "with someone outside of the protected class for several months." (*Id.* ¶ 16.)

Under the section of his Complaint titled "SECOND CAUSE OF ACTION: INJUNCTIVE RELIEF," Plaintiff incorporates the preceding allegations and alleges that he "has no plain, adequate or complete remedy at law to redress the wrongs." (*Id.* ¶¶ 21, 22.)

Under the section of his Complaint titled "THIRD CAUSE OF ACTION: RETALIATION," Plaintiff alleges that Defendant retaliated against him with "unwarranted disciplinary actions and reduced communications regarding work responsibilities" causing him "severe stress and anxiety that has required medical treatment." (*Id.* ¶¶ 23-25.)

Prior to filing his lawsuit, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on October 5, 2006. (Docket No. 7, Def.'s Motion to Dismiss, Ex. 1.) In his charge, Plaintiff checked the box indicating that he sought relief for disability discrimination. (*Id.*) In the narrative portion of the charge, Plaintiff alleged that his "supervisor and Steam Plant Manager, Ricky Richmond," issued a written warning to Plaintiff on April 3, 2006 for "unacceptable conduct," issued a written warning on July 26, 2006 in response to Plaintiff's "voic[ing] [his] opinions and concerns," and required Plaintiff to attend "'anger management' and 'communication courses.'" (*Id.*) Plaintiff further alleged

that in September 2006, Richmond confronted Plaintiff about his "medical 'disability'" in front of Plaintiff's coworkers and reassigned Plaintiff to the first shift due to management's "safety concerns with [Plaintiff] working alone at night while taking medications for [his] medical condition, pending a satisfactory response from [Plaintiff's] physician." (*Id.*) Plaintiff complained that he had been "subjected to medical inquiries, harassment, and disciplined because of [his] disability, in violation of the Americans with Disabilities Act of 1990." (*Id.*) The EEOC issued Plaintiff a right to sue letter and Plaintiff timely filed this lawsuit.

Defendant moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) on grounds that Plaintiff has failed to exhaust his administrative remedies with respect to his allegations under the ADA that he was perceived as having a disability and that Defendant failed to accommodate Plaintiff's disability. Defendant also moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) on grounds that Plaintiff has failed to plead sufficient facts to support his claim.

## Analysis

### A. Motion to Dismiss For Failure to Exhaust Administrative Remedies

Defendant moves to dismiss two of Plaintiff's ADA claims to the extent that they are based on an alleged failure to accommodate and an alleged perception of disability, on grounds that Plaintiff failed to exhaust his administrative remedies for those claims. Before bringing a civil suit for a violation of the ADA, the aggrieved party must file a charge with

the EEOC. 42 U.S.C. § 12117(a) (incorporating the "powers, remedies and procedures" of Title VII, including exhaustion requirement); *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 829-32 (1976); *Dickey v. Greene*, 710 F.2d 1003, 1005 (4th Cir. 1983). Although Plaintiff filed a charge with the EEOC before filing his civil action, Defendant maintains that the charge did not encompass all of the allegations contained in the Complaint.

The exhaustion requirement is meant to preserve judicial economy by barring claims that have not been sufficiently investigated following the filing of an EEOC charge, and to ensure that the respondent has adequate notice of the charging party's claims. *Taylor v. Virginia Union Univ.*, 193 F.3d 219, 239 (4th Cir. 1999), *cert. denied*, 528 U.S. 1189 (2000). Thus, the allegations contained in the administrative charge limit the scope of any subsequent judicial complaint. However, the absence of a perfect fit between the administrative complaint and a civil action is not necessarily fatal. Exhaustion of administrative remedies may be found to have occurred when the claim in question is sufficiently related to properly exhausted claims to be within the scope of a reasonable investigation. *Evans v. Techs. Applications and Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996).

Having reviewed the EEOC charge in the instant case, the Court finds the charge's allegations sufficient to encompass the claim that Defendant regarded Plaintiff as disabled. In his EEOC charge, Plaintiff specifically alleged that his supervisor treated him differently because he was taking certain medications, and that in spite of Plaintiff's reassurances to his supervisor that he was able to perform his job duties, his supervisor removed him from the

night shift based on a purported "disability." (Docket No. 7, Ex. 1.) Based on this language, Defendant had adequate notice that Plaintiff believed he was being discriminated against because he was regarded as having a disability, and a reasonable investigation would have encompassed such a claim. However, it is not reasonably clear from the text of the charge that Plaintiff was alleging a failure to accommodate his disability. Indeed, to the contrary, Plaintiff stated in the charge that he had "informed [his supervisor] that [he was] able to perform the duties of [his] position with no restrictions." *Id.* For these reasons, the Court recommends that Defendant's Rule 12(b)(1) motion be granted in part to dismiss his "failure to accommodate" claim for failure to exhaust administrative remedies.[1]

**B.     Failure to State a Claim Under the ADA or North Carolina's REDA**

Defendant argues that the allegations in Plaintiff's Complaint fail to state a claim under the ADA or REDA (Retaliatory Employment Discrimination Act of North Carolina). In his opposition to Defendant's motion, Plaintiff clarifies that he did not intend to assert a claim under North Carolina's REDA. Accordingly, the Complaint is construed by the Court to raise no REDA claim.[2] Plaintiff opposes Defendant's motion as it relates to his claims under the ADA.

---

[1] Even if the Court could find that Plaintiff has exhausted his "failure to accommodate" claim, for the reasons discussed below, the Court would find that he fails to state a claim under the ADA.

[2] If Plaintiff files an amended complaint in this action, Plaintiff shall strike reference to N.C. Gen. Stat. § 95-243, said by Plaintiff to result from a typographical error.

-6-

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is intended to test the legal sufficiency of the complaint. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). In considering a Rule 12(b)(6) motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). In order to survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. Where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 1974. In deciding a motion to dismiss under Rule 12(b)(6), the court's review is limited to the Complaint and those documents attached to the Complaint or incorporated therein by reference.

Plaintiff asserts a claim under the ADA based on Defendant's alleged harassment and discrimination because of a disability or perceived disability and Defendant's alleged retaliation against him in response to his complaints about Defendant's failure properly to accommodate his condition. Title I of the ADA prohibits employers from discriminating against any qualified individual with a disability because of such disability. 42 U.S.C. §

12112.  A plaintiff asserting a violation of the ADA must show that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability. *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 198 (4th Cir. 1997).

Plaintiff does not argue that he is actually disabled or that he has a record of disability. Rather, he contends that Defendant regarded him as disabled. (Docket No. 11, Pl.'s Br. in Opp'n to Mot. to Dismiss, at 3-4.)  To prevail on a claim that his employer regarded him as disabled, a plaintiff must show that the employer "believe[s] either that [the employee] has a substantially limiting impairment that [he] does not have or that [the employee] has a substantially limiting impairment when, in fact, the impairment is not so limiting." *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489 (1999).  The perceived impairment must be the type of impairment that substantially limits the employee in one or more major life activities. *Id.*

In his Complaint, Plaintiff refers to a "chronic medical condition," a "diagnosis," a "chronic disorder that required periodic treatment and minor accommodation of his work duties," and a "chronic condition." (Compl. ¶¶ 5, 6, 11, 12.)  Although he invokes the language of the statute, Plaintiff sets forth no facts that indicate what impairment his managers believed he had or what major life activity was substantially limited by that impairment. Plaintiff alleges merely that Defendant perceived him "to require excessive

-8-

Case 1:07-cv-00867-WO-PTS   Document 13   Filed 05/01/08   Page 8 of 11

accommodation" and as "a liability." (Compl. ¶ 14.) In response to Defendant's motion to dismiss, Plaintiff argues that Defendant discriminated against him based on a mistaken belief that his unidentified condition substantially limited him in the major life activity of working. An impairment or the perception of an impairment that impairs the major life activity of working is actionable only when it restricts the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities. 29 C.F.R. § 1630.2(j)(3)(i); *see also Sutton*, 527 U.S. at 492. Plaintiff does not allege that Defendant mistakenly believed that Plaintiff's condition significantly restricted his ability to perform either a class of jobs or a broad range of jobs. Even in the EEOC charge, which is not attached to the Complaint, Plaintiff alleged only that his supervisor perceived him to be unable to work a *particular shift*. (Docket No. 7, Ex. 1) (emphasis added.) An employer does not necessarily regard an employee as disabled simply because the employer regards the plaintiff incapable of satisfying some or all of the singular demands of a particular job. *Runnebaum v. NationsBank of Md., N.A.*, 123 F.3d 156, 172 (4th Cir. 1997); *Atkins v. USF Dugan, Inc.*, 106 F. Supp. 2d 799, 807 (M.D.N.C. 1999). "The statutory reference to a substantial limitation indicates instead that an employer regards an employee as handicapped in his or her ability to work by finding the employee's impairment to *foreclose generally* the type of employment involved." *Atkins*, 106 F.Supp. at 807 (emphasis in original.) Plaintiff's allegations on perceived substantial impairment are insufficient to nudge his claim from the speculative to the plausible.

Even assuming that Plaintiff's allegations were sufficient on the issue of perceived substantial impairment, Plaintiff fails to plead sufficient facts to support a claim for retaliation.[3] To establish a claim for retaliation, a plaintiff must allege (1) that he has engaged in conduct protected by the ADA; (2) that he suffered an adverse action subsequent to engaging in the protected conduct; and (3) that there was a causal link between the protected activity and the adverse action. *Freilich v. Upper Chesapeake Health, Inc.*, 313 F.3d 205, 216 (4th Cir. 2002). Plaintiff alleges that he was retaliated against in the form of unwarranted disciplinary actions and reduced communications. (Compl. ¶¶ 11, 24.) However, Plaintiff fails to identify with sufficient specificity the facts constituting his protected activity. While a plaintiff need not establish that the conduct he opposed actually constituted an ADA violation, he must allege the predicate for a reasonable, good faith belief that the behavior he is opposing violated the ADA. (*Id.*) As noted previously, Plaintiff fails to identify the nature of his medical condition. Plaintiff alleges that he requested accommodation but does not identify the nature of the accommodation he requested. Without allegations concerning the nature of his condition and the accommodation requested, there

---

[3] While Plaintiff alleges other adverse employment actions with somewhat more specificity, e.g., that he was treated less favorably than an employee outside the protected class (Compl. ¶ 4), reprimanded for anger issues (*Id.* ¶¶ 5, 10), denied training (*Id.* ¶ 10), demoted (*Id.*), and harassed in the form of reduced communications from his manager, derogatory comments, reduced support from his manager, and excessive scrutiny of his performance and disciplinary action (*Id.* ¶ 11), Plaintiff inadequately links these consequences to a perceived impairment that substantially limits a major life activity, as discussed previously.

is no plausible predicate for a good faith belief that Defendant retaliated against him in violation of the ADA.

For these reasons, the Court finds that Plaintiff Manson has failed to state a claim for which relief can be granted. The Court has discretion to grant a motion to dismiss under Rule 12(b)(6) with or without prejudice. *See Cloaninger v. McDevitt*, No. 1:06CV135, 2006 WL 2570586, at *6-9 (W.D.N.C. Sept. 3, 2006). The Court finds it appropriate in this case to afford Plaintiff an opportunity to amend his Complaint to attempt correct the noted deficiencies.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Defendant's Rule 12(b)(1) motion to dismiss Plaintiff's ADA failure-to-accommodate claim for failure to exhaust administrative remedies (Docket No. 7) be granted and that claim be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that Defendant's Rule 12(b)(6) motion to dismiss the remaining claims in Plaintiff's Complaint (Docket No. 7) be granted in the event Plaintiff does not file an Amended Complaint curing the deficiencies noted herein within 10 days of any Order adopting this Recommendation.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: May 1, 2008

-11-

Case 1:07-cv-00867-WO-PTS   Document 13   Filed 05/01/08   Page 11 of 11