IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


RICHARD MANSON          )
                        )
        Plaintiff,      )
                        )
        v.              )        1:07CV867
                        )
NORTH CAROLINA A & T    )
STATE UNIVERSITY        )
                        )
        Defendant.      )


## ORDER


On May 1, 2008, in accordance with 28 U.S.C. § 636(b), the Recommendation of the United States Magistrate Judge (Doc. 13) (hereinafter "Recommendation") was filed and notice was served on the parties in this action. Within the time limitation set forth in the statute, Plaintiff objected to the Recommendation.

The court has appropriately reviewed the portions of the Recommendation to which Plaintiff objected and has made a de novo determination which is in accord with the Recommendation. The court hereby adopts the Recommendation in its entirety. However, because of Plaintiff's objections and the procedural posture of this case, the court writes separately to make certain additional findings. As set forth hereinafter, the Recommendation is adopted. Plaintiff's Amended Complaint is hereby stricken, and Plaintiff is granted a period of ten (10) days from the entry of

this order to file an amended complaint in accordance with the provisions of this order.

The Magistrate Judge held that Plaintiff's allegations as contained in the EEOC charge were insufficient to encompass the claim contained in Plaintiff's Complaint that Defendant failed to accommodate Plaintiff's disability. The Magistrate Judge found that Plaintiff's EEOC charge specifically stated that Plaintiff was "able to perform the duties of [his] position with no restrictions." (Def.'s Mot. Dismiss, Ex. 1.) Accordingly, the Magistrate Judge recommended that Defendant's 12(b)(1) motion should be granted in part to dismiss Plaintiff's "failure to accommodate" claim on the basis that Plaintiff failed to exhaust administrative remedies. (Recommendation of United States Magistrate Judge 6.) Plaintiff objects to this finding.

Plaintiff's objection to the Magistrate Judge's finding contains only the following argument:

> The proposed finding that the Plaintiff has failed to exhaust his administrative remedies on the failure to accommodate claims is based upon an error of law. The analysis of the decision clearly supports a finding that the original charge with the EEOC encompassed a failure to accommodate concern [sic] of the Plaintiff. Therefore, the recommendation to grant the Rule 12(b)(1) claim is not supported by the evidence or the law.

(Pl.'s Objection Recommended Decision 1.)

Plaintiff has not identified, either in his brief in opposition to Defendant's motion (Doc. 11) or in the objection

(Doc. 15), any facts or case law in support of his position. Furthermore, Plaintiff does not dispute that the copy of the EEOC charge provided by Defendant (Def.'s Mot. Dismiss, Ex. 1.) is true and accurate, nor does Plaintiff offer any interpretation of the plain language of Plaintiff's statements in the EEOC charge contrary to that found by the Magistrate Judge. This court has made a de novo determination that is in accord with the Magistrate Judge's Recommendation.

Plaintiff also objects to the Magistrate Judge's recommended finding that Plaintiff's Complaint failed to adequately plead the perceived substantial impairment or facts sufficient to support a claim for retaliation. The Magistrate Judge further recommended that Defendant's Rule 12(b)(6) motion be granted "in the event Plaintiff does not file an amended complaint curing the deficiencies noted herein within 10 days of any Order adopting this Recommendation." (Recommendation of United States Magistrate Judge 11 (emphasis added).)

Plaintiff objects to the finding that the complaint was insufficient to state a claim, but states that ["w]hile Plaintiff objects to the finding that he has failed to specify his medical condition with sufficient detail, he will be filing an amended complaint this week." (Pl.'s Objection Recommended Decision 1.) Although Plaintiff may have waived any objection by filing an Amended Complaint, the court finds, for the reasons set forth in

3

the Recommendation, that the original Complaint is completely
devoid of any factual description of a disability or of facts
sufficient to support a claim for retaliation. (See
Recommendation of United States Magistrate Judge 8-9.) The
original Complaint is subject to dismissal pursuant to Rule
12(b)(6) of the Federal Rules of Civil Procedure.

Although this court has reviewed the Magistrate Judge's
report de novo, objections such as those raised in this case do
not merit de novo review. Generally, once a magistrate judge
submits a recommended ruling, any party "may serve and file
written objections to such proposed findings and recommendations
as provided by rules of court. A judge of the court shall make a
de novo determination of those portions of the report or
specified findings or recommendations to which objection is
made." 28 U.S.C. § 636(b)(1)(C). The Fourth Circuit, however,
has discussed the standard of review to objections of the
Magistrate Judge in Opriano v. Johnson, 687 F.2d 44 (4th Cir.
1982). In Opriano the Fourth Circuit stated as follows:

> Although the language of the statute seems to require
> in every case a de novo determination of the portions
> of the magistrate's report to which objections have
> been made, we note that other courts have recognized
> several exceptions. Untimely filing of objections may
> result in a waiver of a right to de novo review. Webb
> v. Califano, 468 F. Supp. 825 (D.C. Cal. 1979).
> Likewise, when objections to strictly legal issues are
> raised and no factual issues are challenged, de novo
> review of the record may be dispensed with. Braxton v.
> Estelle, 641 F.2d 392 (5th Cir. 1981). Courts have

4

also held de novo review to be unnecessary in analogous
situations when a party makes general and conclusory
objections that do not direct the court to a specific
error in the magistrate's proposed findings and
recommendations. <u>See, e.g.</u>, <u>United States v. Merz</u>, 376
U.S. 192, 11 L. Ed. 2d 629, 84 S. Ct. 639 (1964);
<u>Pendleton v. Rumsfeld</u>, 202 U.S. App. D.C. 102, 628 F.2d
102 (D.C. Cir. 1980).

<u>Id.</u> at 47.

Counsel's objections in this case are merely general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's Recommendation. Counsel's statement that the Magistrate Judge's Recommendation is "not supported by the evidence or the law" is itself nothing more than a general conclusion without support of the evidence or the law. Accordingly, as an alternate basis of decision, this court finds that Plaintiff's objections are insufficient to require de novo review of the Recommendation, and therefore, the Recommendation should be adopted by this court without de novo review.

For the reasons that follow, this court will strike Plaintiff's Amended Complaint (Doc. 16) and grant Plaintiff a period of ten (10) days to file an amended complaint which complies with this order.

Prior to the entry of this court's order accepting or rejecting the Recommendation of the Magistrate Judge, Plaintiff prematurely filed an Amended Complaint. The allegations of the Amended Complaint are of particular concern to this court. Contrary to the Recommendation of the Magistrate Judge, and now

5

contrary to this court's ruling, Plaintiff's Amended Complaint
appears to include allegations that Defendant failed to
accommodate Plaintiff's disability.  Specifically, Plaintiff's
Amended Complaint includes allegations such as "Plaintiff was
diagnosed with chronic disorders . . . that require periodic
treatment and minor accommodation of his work duties." (Pl.'s
Amended Compl. 3.)  Plaintiff's Amended Complaint then states as
follows: "Shortly after he expressed concerns about both the
Defendant's failure to properly accommodate his conditions and
the Defendant's managers' perception that Plaintiff was disabled,
Plaintiff began to experience a reduction in communication with
his immediate managers, derogatory comments, reduced support from
his managers, excessive scrutiny of his work performance,
discussion of his medical conditions in the presence of
coworkers, and unwarranted disciplinary action. . . . "[1] (Id.)
Allegations like these are contrary to Plaintiff's claim with the
EEOC that he was "able to perform the duties of [his] position
with no restrictions." (Def.'s Mot. Dismiss, Ex. 1.)  It is
therefore difficult to determine the precise nature of
Plaintiff's claim as described by the Amended Complaint.

　　　This court, therefore, will strike Plaintiff's Amended

---

[1]These are only examples, and not intended as an exhaustive
list of the allegations that, given the manner in which they are
alleged, appear contrary to the Recommendation and this court's
order.

Complaint (Doc. 16) and grant Plaintiff ten (10) days from the date of entry of this order to file an amended complaint in accordance with the Local Rules of Practice of the Middle District of North Carolina, the Federal Rules of Civil Procedure, and this order.

For the foregoing reasons and those set forth in the Recommendation of the United States Magistrate Judge,

IT IS HEREBY ORDERED that Defendant's Rule 12(b)(1) Motion to Dismiss Plaintiff's ADA failure-to-accommodate claim for failure to exhaust administrative remedies (Doc. 7) be, and is hereby, GRANTED, and that claim is hereby DISMISSED with prejudice.

Furthermore, the court hereby STRIKES Plaintiff's Amended Complaint (Doc. 16) and Plaintiff is GRANTED a period of ten (10) days from the date of entry of this order in which to file an amended complaint which complies with the Federal Rules of Civil Procedure, the Local Rules of Practice for the Middle District of North Carolina, and this order.

It is further ORDERED that Defendant's Rule 12(b)(6) Motion to Dismiss the remaining claims in Plaintiff's Complaint (Doc. 7) will be GRANTED in the event Plaintiff does not file an amended complaint curing the deficiencies noted herein and by the Recommendation within ten (10) days of the date of this Order.

7

This the 31st day of July  2008.

_____
United States District Judge